IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JUSTIN CODY WISE, | : |
| Plaintiff, | : |
| VS. | : 7:13-CV-153 (HL) |
| CAPTAIN CARTER, *et al.*, | : |
| Defendants. | : |

## RECOMMENDATION

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on November 18, 2013. (Doc. 1). Presently pending in this action is Defendants' Motion to Dismiss. (Doc. 24).

## Background

The Complaint alleges that Plaintiff, a Muslim being housed at Valdosta State Prison ("VSP"), was attacked and seriously injured by an inmate who was known to have been involved in a gang that previously attacked Muslims. Plaintiff contends that Defendants placed this inmate in the cell with Plaintiff despite knowing that there was a conflict between the gang and Muslims. Plaintiff maintains that Defendants were deliberately indifferent to a substantial risk of serious harm to Plaintiff, violating his Eighth Amendment rights.

Defendants filed a Motion to Dismiss stating, in part, that the claims against them should be dismissed due to Plaintiff's failure to exhaust his administrative remedies. (Doc. 24-1). Plaintiff has not filed a response to Defendants' Motion to Dismiss.

## Discussion

The Prison Litigation Reform Act ("PLRA") mandates that all prisoners wishing to bring

suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

In his Complaint, Plaintiff states that he presented his allegations in a grievance to VSP, but the Warden told him that staff was not aware that Plaintiff could be hurt by his cellmate. (Doc. 1). Plaintiff does not state that this grievance was exhausted. Plaintiff did not file a response to Defendants' Motion to Dismiss, and Plaintiff has not alleged that he fully exhausted the administrative remedies available to him in his Complaint. Thus, a review of the factual allegations in Defendants' Motion and Plaintiff's Complaint does not appear to reveal a conflict. However, in an abundance of caution, the Court will proceed with the second step of the *Turner* analysis and make specific findings in order to resolve any possible disputed factual issues.

Complete administrative exhaustion is a precondition to filing a lawsuit. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper."

2

*Woodford*, 548 U.S. at 89-92. To remedy a prison complaint, Plaintiff is required to file an original grievance and a central office appeal. Georgia Dep't of Corrections SPO IIB05-0001 (Dec. 2012); (Doc. 24-2).

Defendants contend, and support with an affidavit from Shawn Emmons, the Deputy Warden of Care and Treatment at VSP, that Plaintiff did not exhaust any grievances regarding the claims alleged against them. (Docs. 24-1, 24-2, Emmons Aff.). The affidavit testimony establishes the presence of a grievance system at VSP, and that Plaintiff filed one grievance related to the allegations contained in the Complaint. (Doc. 24-2, Emmons Aff.). Defendants provided the Court with a copy of the grievance they maintain relates to the claims alleged against them. (Doc. 24-3).

Plaintiff filed original grievance number 158054 on September 26, 2013 complaining that he was assaulted and injured by his cellmate. (Docs. 24-2, Emmons Aff. ¶ 22; 24-3). Plaintiff alleges that "they" put his life in jeopardy by placing a mob member in his cell because Plaintiff is Muslim and last year the mob and Muslims "had it out". (Docs. 24-2, Emmons Aff. ¶ 22; 24-3). The grievance was denied on October 11, 2013 by the Warden. (Docs. 24-2, Emmons Aff., ¶ 22; 24-3). Plaintiff did not file a central office appeal. (Doc. 24-2, Emmons Aff., ¶ 22). In order to properly exhaust administrative remedies, Plaintiff must follow the procedural guidelines in place. *See Woodford*, 548 U.S. at 90 (proper exhaustion requires the plaintiff to comply with procedural rules). Plaintiff did not fully exhaust grievance number 158054 because he did not file a central office appeal.

Plaintiff has failed to refute Defendants' evidence that Plaintiff did not exhaust the administrative remedies available to him. The Court finds that Plaintiff has not exhausted the claims underlying this lawsuit, in that, he failed to utilize all of the available administrative

*Woodford*, 548 U.S. at 89-92. To remedy a prison complaint, Plaintiff is required to file an original grievance and a central office appeal. Georgia Dep't of Corrections SPO IIB05-0001 (Dec. 2012); (Doc. 24-2).

Defendants contend, and support with an affidavit from Shawn Emmons, the Deputy Warden of Care and Treatment at VSP, that Plaintiff did not exhaust any grievances regarding the claims alleged against them. (Docs. 24-1, 24-2, Emmons Aff.). The affidavit testimony establishes the presence of a grievance system at VSP, and that Plaintiff filed one grievance related to the allegations contained in the Complaint. (Doc. 24-2, Emmons Aff.). Defendants provided the Court with a copy of the grievance they maintain relates to the claims alleged against them. (Doc. 24-3).

Plaintiff filed original grievance number 158054 on September 26, 2013 complaining that he was assaulted and injured by his cellmate. (Docs. 24-2, Emmons Aff. ¶ 22; 24-3). Plaintiff alleges that "they" put his life in jeopardy by placing a mob member in his cell because Plaintiff is Muslim and last year the mob and Muslims "had it out". (Docs. 24-2, Emmons Aff. ¶ 22; 24-3). The grievance was denied on October 11, 2013 by the Warden. (Docs. 24-2, Emmons Aff., ¶ 22; 24-3). Plaintiff did not file a central office appeal. (Doc. 24-2, Emmons Aff., ¶ 22). In order to properly exhaust administrative remedies, Plaintiff must follow the procedural guidelines in place. *See Woodford*, 548 U.S. at 90 (proper exhaustion requires the plaintiff to comply with procedural rules). Plaintiff did not fully exhaust grievance number 158054 because he did not file a central office appeal.

Plaintiff has failed to refute Defendants' evidence that Plaintiff did not exhaust the administrative remedies available to him. The Court finds that Plaintiff has not exhausted the claims underlying this lawsuit, in that, he failed to utilize all of the available administrative

*Woodford*, 548 U.S. at 89-92. To remedy a prison complaint, Plaintiff is required to file an original grievance and a central office appeal. Georgia Dep't of Corrections SPO IIB05-0001 (Dec. 2012); (Doc. 24-2).

Defendants contend, and support with an affidavit from Shawn Emmons, the Deputy Warden of Care and Treatment at VSP, that Plaintiff did not exhaust any grievances regarding the claims alleged against them. (Docs. 24-1, 24-2, Emmons Aff.). The affidavit testimony establishes the presence of a grievance system at VSP, and that Plaintiff filed one grievance related to the allegations contained in the Complaint. (Doc. 24-2, Emmons Aff.). Defendants provided the Court with a copy of the grievance they maintain relates to the claims alleged against them. (Doc. 24-3).

Plaintiff filed original grievance number 158054 on September 26, 2013 complaining that he was assaulted and injured by his cellmate. (Docs. 24-2, Emmons Aff. ¶ 22; 24-3). Plaintiff alleges that "they" put his life in jeopardy by placing a mob member in his cell because Plaintiff is Muslim and last year the mob and Muslims "had it out". (Docs. 24-2, Emmons Aff. ¶ 22; 24-3). The grievance was denied on October 11, 2013 by the Warden. (Docs. 24-2, Emmons Aff., ¶ 22; 24-3). Plaintiff did not file a central office appeal. (Doc. 24-2, Emmons Aff., ¶ 22). In order to properly exhaust administrative remedies, Plaintiff must follow the procedural guidelines in place. *See Woodford*, 548 U.S. at 90 (proper exhaustion requires the plaintiff to comply with procedural rules). Plaintiff did not fully exhaust grievance number 158054 because he did not file a central office appeal.

Plaintiff has failed to refute Defendants' evidence that Plaintiff did not exhaust the administrative remedies available to him. The Court finds that Plaintiff has not exhausted the claims underlying this lawsuit, in that, he failed to utilize all of the available administrative

remedies to grieve the alleged offenses of Defendants. Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 10th day of July, 2014.

s/ **THOMAS Q. LANGSTAFF**
UNITED STATES MAGISTRATE JUDGE

llf